José Vázquez, recurrente, *v.* La Comisión Industrial de Puerto Rico, demandada, y Jacinto Caquías, obrero recurrido.

Núm. 160.—*Resuelto:* Enero 26, 1939.

*Frank Torres*, abogado del obrero recurrido.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

En este caso José Vázquez recurrió ante este tribunal solicitando la revisión de la resolución de la Comisión Industrial que lo declaró patrono no asegurado y fijó en $724.10 la compensación que debía recibir Jacinto Caquías, obrero lesionado. No acompañó el patrono la copia certificada de la resolución recurrida según exige el artículo 11 de la Ley núm. 45 de 18 de abril de 1935 (Leyes de ese año, (1) páginas 251, 289), y por ese fundamento se declaró no haber lugar al recurso por resolución de 12 del mes pasado (53 D.P.R.).

Compareció nuevamente el patrono dos días después, y acompañando copia certificada de la resolución recurrida, solicitó la reconsideración de la resolución del 12 de diciembre pasado. El obrero, por medio de su abogado Sr. Frank Torres, radicó una oposición a la segunda moción del patrono el día 16 de dicho mes. La corte denegó la reconsideración y desestimó el recurso del patrono por que no planteaba cuestiones de derecho revisables en este tribunal de acuerdo con la ley antes citada.

La moción de 16 de diciembre fué la única actuación del abogado Sr. Torres en este tribunal.

Solicita ahora dicho abogado, en moción de 17 del actual, que fijemos sus honorarios como abogado del obrero, e invocando el artículo 35 de la Ley número 45 antes citada, hace una relación de los servicios prestados por él al obrero ante el Administrador del Fondo del Seguro del Estado y ante la Comisión Industrial.

El artículo 35 antes citado dice así:

"Los obreros o empleados no necesitarán comparecer asistidos de abogados ante el Administrador del Fondo del Estado o ante la Comisión Industrial para la gestión, liquidación o resolución de sus casos, pero si decidieren obtener los servicios de alguno para la mejor dirección y defensa de sus casos, la Comisión Industrial fijará el tanto por ciento que deba pagársele al abogado en la gestión de una reclamación en favor del empleado u obrero o sus herederos o beneficiarios, de acuerdo con las disposiciones de esta Ley.

"En tales casos la Comisión Industrial fijará con cargo a la compensación que se conceda, el tanto por ciento que deba corresponder al abogado como honorarios. No se permitirá bajo ninguna circunstancia la comparecencia de agentes u otras personas en ningún caso en reclamación ante la Comisión Industrial a menos que se trate de un menor o incapacitado en el cual caso la persona que represente al menor o incapacitado no podrá cobrar suma alguna ni recibir remuneración alguna de ninguna índole por representar o ayudar en su reclamación de compensación al interesado.

"En los casos que sean objeto de revisión ante las cortes y en los de *mandamus* autorizados por esta Ley y en que se utilicen los servicios de un abogado la Corte ante la cual se vea el caso fijará los honorarios que equitativamente debe recibir el abogado."

A nuestro juicio el último párrafo del artículo 35, al referirse a los honorarios que fijará la corte, se contrae exclusivamente a honorarios por servicios prestados ante el tribunal, siendo de la incumbencia de la Comisión Industrial fijar los honorarios de abogado por servicios prestados al obrero tanto ante la Comisión como ante el Administrador del Fondo del Seguro del Estado.

Considerada la actuación del abogado Sr. Torres ante este tribunal, procede justipreciar el valor de sus servicios aquí prestados, consistentes en la moción antes aludida, en la cantidad de $10, que deberá recibir en compensación de tales servicios, sin perjuicio de que pueda reclamar en la Comisión Industrial los honorarios correspondientes por servicios prestados ante dicha Comisión y ante el Administrador del Fondo del Seguro del Estado.